WALLACE v. GEORGIA, CAROLINA & NORTHERN RWY. CO.

1. The public, whether as many or one, whether as a multitude or a sovereignty, has no interest to be protected or promoted by a correspondence between discharged agents or employees and their late employers, designed, not for public, but for private information as to the reasons for discharges and as to the import and authorship of all complaints or communications which produced or suggested them. A statute which undertakes to make it the duty of incorporated railroad, express and telegraph companies to engage in correspondence of this sort with their discharged agents and employees, and which subjects them in each case to a heavy forfeiture, under the name of damages, for failing or refusing to do so, is violative of the general private right of silence enjoyed in this State by all persons, natural or artificial, from time immemorial, and is utterly void and of no effect. Liberty of speech and of writing is secured by the constitution, and incident thereto is the correlative liberty of silence, not less important nor less sacred. Statements or communications, oral or written, wanted for private information, cannot be coerced by mere legislative mandate at the will of one of the parties and against the will of the other. Compulsory private discovery, even from corporations, enforced, not by suit or action, but by statutory terror, is not allowable where rights are under the guardianship of due process of law.

2. It follows from the foregoing, that the act of October 22d, 1891, entitled "An act to require certain corporations to give to their discharged employees or agents the causes of their removal or discharge, when discharged or removed," is unconstitutional, and

that an action founded thereon for the recovery of $5,000.00 as penalty or arbitrary damages fixed by the statute for non-compliance with its mandate, cannot be supported. *Judgment affirmed.*

June 18, 1894.   Argued at the last term.

Action for damages.   Before Judge VAN EPPS.   City court of Atlanta.   March term, 1893.

The statute is found in Acts 1890–91, vol. 1, p. 188. The declaration was dismissed on demurrer.   It alleges, that after the company, by contract made on July 9, 1892, had employed the plaintiff as its chief car-inspector, and while he was performing his duties as such on August 12, 1892, the company discharged him.   On August 18th, he made a written request of the company to give him a specific statement in writing of the reasons which had caused his discharge, and, if the same had been induced in whole or in part by any complaint or communication made to the company, to inform him of the nature and substance of such communication or complaint, and when and by whom it was made.   This written request was signed by him, and on the same day was served upon the company, being delivered to the local agent representing the company at its office and place of doing business in Fulton county, by the sheriff of that county.   Afterwards the plaintiff waited for more than twenty days, within which time the defendant should have delivered the written statement as requested to the plaintiff, or left it addressed to him with the county clerk; but the defendant failed and refused to give the information as requested in writing and as required by law, whereby it became liable to him in the sum of $5,000, etc.

JOHN G. WALKER and JOHN C. REED, for plaintiff.

ERWIN & COBB and JOSEPH B. CUMMING, for defendant.