CORMAN REALTY, INC. *us.* HYMAN ROTHSTEIN & another. February 11, 1976. 1. The defendants' contention based on G. L. c. 160, §§ 88 and 114, in their appeal from a judgment entered on August 15, 1974, in the Superior Court was not raised in the pleadings or (for all that appears) otherwise brought to the attention of the trial judge, and we therefore do not consider it. See *Foster* v. *Everett,* 334 Mass. 14, 18 (1956); *Henchey* v. *Cox,* 348 Mass. 742, 747 (1965); *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974). Nor do we subscribe to the defendants' assertion that the judge insufficiently defined the geographical extent of the plaintiff's easement, for we interpret the judgment, read in the context of the findings and rulings underlying it, as a determination that the easement is coterminous with the Cary Avenue Extension in its entirety. The defendants make no suggestion in their brief that the evidence did not warrant such a determination. 2. The defendants' appeal from the court's order denying their motion to amend its findings, to make additional findings and to amend its judgment, filed after the entry of judgment (see Mass.R.Civ.P. 52[b], 365 Mass. 817 [1974]), must fail because the record does not disclose what amendments were sought by the motion or what transpired at the hearing thereon. The defendants apparently made no effort to remedy those omissions by availing themselves of the procedure afforded by Mass. R.A.P. 8(c), 365 Mass. 850 (1975). Therefore, the defendants have not sustained their burden of showing prejudicial error in the denial of the motion. See *Ferris* v. *Turner,* 320 Mass. 555, 558 (1947). Compare *Bermingham* v. *Thomas,* 3 Mass. App. Ct. 742 (1975). 3. The defendants' appeal from the judge's findings, rulings and order for decree entered on May 30, 1974, is without standing. *DeCanio* v. *School Comm. of Boston,* 358 Mass. 116, 119 (1970), and cases cited. *Cassani* v. *Planning Bd. of Hull,* 1 Mass. App. Ct. 451, 458 (1973). 4. The appeal from the findings, rulings and order for decree is dismissed. The judgment and the order denying the motion to amend the judge's findings are affirmed.

*So ordered.*

*Harold Stavisky* for the defendants.
*Sheldon Newman* for the plaintiff.