OUTDOOR ADVERTISING BOARD *vs.* SUN OIL COMPANY OF PENNSYLVANIA & another. July 6, 1979. The board brought this action to effect the removal of a sign which is located within 660 feet of a primary highway and which is visible from the highway. G. L. c. 93, §§ 29

through 31. G. L. c. 93D, §§ 2 through 4. There were no genuine issues of material fact in dispute in the Superior Court, and summary judgment for the board was properly entered. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).

The sign is located on an easement granted to the defendant and is over 800 feet from the nearest boundary of the property upon which the defendant operates its business. The easement extends from the defendant's property to the sign, and it was granted to the defendant for the purpose of connecting the sign's electrical system to the property. The location of the sign on an easement granted to the defendant and the connection of the sign to the property by electrical wires does not bring the sign within the scope of the on-premises exception (G. L. c. 93, § 30; G. L. c. 93D, § 2[b] and [c]) to outdoor advertising regulation. *Attorney Gen.* v. *J.P. Cox Advertising Agency,* 298 Mass. 383, 389-390 (1937).

The facts that nearly six years prior to the commencement of this action the board indicated in a letter to the defendant that the sign "appears to be an accessory use sign" and under the jurisdiction of the town in which it was located and not the board's, and that the defendant acted in reliance upon this letter, do not now estop the board from commencing this action. Officers of the Commonwealth may correct their jurisdictional and substantive rulings; and a change in position by one relying upon a prior ruling does not normally give rise to an equitable estoppel. See *New City Hotel Co.* v. *Alcoholic Beverages Control Commn.,* 347 Mass. 539, 542 (1964); *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 674-675 (1968); *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 161-163 (1977). Cf. *General Outdoor Advertising Co.* v. *Department of Pub. Works,* 289 Mass. 149, 200 (1935).

The order of removal of the sign does not violate First Amendment rights. *John Donnelly & Sons* v. *Outdoor Advertising Bd.,* 369 Mass. 206, 225-228 (1975). The Commonwealth may validly impose on an individual restrictions which limit the manner and location in which he exercises his speech. *Virginia State Bd. of Pharmacy* v. *Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 770-771 (1976). *Linmark Associates, Inc.* v. *Willingboro,* 431 U.S. 85, 92-93 (1977). *Carey* v. *Population Serv. Intl.,* 431 U.S. 678, 700-702 (1977). *Bates* v. *State Bar of Arizona,* 433 U.S. 350, 384 (1977).

The defendant's claim that a genuine issue of material fact exists relative to its due process right to compensation for the removal of the sign does not involve a jurisdictional issue and will not be considered because it is raised and argued for the first time on appeal. *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.,* 369 Mass. 562, 565 (1976). *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 88 (1977). *Corman Realty, Inc.* v. *Rothstein,* 4 Mass. App. Ct. 777 (1976).

*Judgment affirmed.*

*James R. Brown, Jr.,* for Sun Oil Company of Pennsylvania.
*Anton T. Moehrke,* Assistant Attorney General, for the plaintiff.