**BBC FIREWORKS, INC., d/b/a Fireworks Importers, Ltd., Appellant,**

v.

**STATE HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

No. 73827.

Supreme Court of Missouri,
En Banc.

April 21, 1992.

Rehearing Denied June 2, 1992.

William M. Barvick, Jefferson City, for appellant.

Rich Tiemeyer, Chief Counsel, Kim R. Reid, Asst. Counsel, Mo. Highway & Transp. Com'n, Jefferson City, for respondent.

RENDLEN, Senior Judge.

BBC Fireworks, Inc., d/b/a Fireworks Importers, Ltd. (BBC), appeals from the circuit court's decision affirming respondent Highway and Transportation Commission's (Commission) order that BBC remove two signs located adjacent to Interstate 35 near Eagleville. As BBC contends the Billboard Law, Chapter 226.520, RSMo 1986, under which the signs were ordered removed, is violative of the free speech provisions of Mo. Const. art. I, § 8, the cause falls within our exclusive original appellate jurisdiction. Mo. Const. art. V, § 3. We affirm.

BBC, though principally engaged in the sale of fireworks, also operates a convenience store and Texaco service station. Each of the offending signs was attached to a forty-foot semitrailer adjacent to and within six hundred and sixty feet of Interstate 35 on the west side. The first sign is 3.6 miles north of Route N and the second is approximately three tenths of a mile north of Route N at the Eagleville exit. Both signs read: "Half Price, Fireworks Importers Ltd., Factory Outlet, Eagleville, Mo. Exit," and each displayed a Texaco star, as well as the current gasoline price. On August 11, 1986, the Commission sent BBC notices to remove the two signs, alleging nonconformance with § 226.520, RSMo 1986.[1] BBC concedes its signs violated the

---

**1.** Section 226.520 provides:
   On and after March 30, 1972, no outdoor advertising shall be erected or maintained within six hundred sixty feet of the nearest edge of the right-of-way and visible from the main traveled way of any highway which is a part of the interstate or primary system in this state except the following:
   (1) Directional and other official signs, including, but nor limited to, signs pertaining to natural wonders, scenic and historical attractions, which required or authorized by law, ...
   (2) Signs, displays, and devices advertising activities conducted on the property upon which they are located, or services and products therein provided;
   (3) Outdoor advertising in areas which are zoned industrial, commercial or the like as provided in sections 226.500 to 226.600 or under authority of law;
   (4) Outdoor advertising located in unzoned commercial or industrial areas as defined and determined pursuant to sections 226.500 to 226.-600;
   (5) Outdoor advertising for tourist oriented businesses, and scoreboards used in sporting events or other electronic signs with changeable messages which are not prohibited by federal regulations or local zoning ordinances.
Section 226.527.1 provides:
On or after August 13, 1976, no outdoor advertising shall be erected or maintained beyond six hundred and sixty feet of the right-of-way, located outside of urban areas, visible from the main traveled way of the interstate or primary system and erected with the purpose of its message

terms of the statute in that they were placed within six hundred sixty feet of the right-of-way on an interstate highway, are visible from the main traveled way, and fall within none of enumerated exceptions. However, consistently arguing the statute violates its right to freedom of expression pursuant to Mo. Const. art. I, § 8, BBC unsuccessfully pursued its administrative remedies and a petition for review, which was denied by the circuit court.

■ For its sole point on appeal to this Court, BBC reiterates its challenge to § 226.520 as violative of Mo. Const. art. I, § 8, which reads in pertinent part:

> That no law shall be passed *impairing* the freedom of speech, *no matter by what means communicated;* that every person shall be free to say, write or publish, or otherwise communicate *whatever he will on any subject*, being responsible for all abuses of that liberty; ... (Emphasis added.)

Without conceding that the statute does not violate the First Amendment to the United States Constitution as applied to the states via the Fourteenth Amendment, BBC argues the state constitutional provision affords broader protection than its federal counterpart. Addressing such contention in *State v. Roberts*, 779 S.W.2d 576, 579 (Mo. banc 1989), this Court noted that we need not decide "whether the circumference of Mo. Const. art. I, § 8 is identical to that of the First Amendment in all instances." Similarly, we need not reach that issue here, but decide the cause upon principles of Missouri law previously announced.

■ BBC seizes upon broad language of this Court in *Marx & Haas Jeans Clothing Co. v. Watson*, 168 Mo. 133, 67 S.W. 391, 393–94 (1902), and *Ex parte Harrison*, 212 Mo. 88, 110 S.W. 709, 710–11 (1908) stated at the turn of the century:

> That instrument [the Missouri Constitution] simply forbids any law to be passed impairing the freedom of speech, and then gives a general and perpetual guar-

being read from such traveled way, except such outdoor advertising as is defined in subdivisions

anty against any interference from any quarter whatever with the freedom of every person "to say, write or publish whatever he will on any subject." Language could not be broader, nor prohibition nor protection more amply comprehensive. Wherever, within our borders, speech is uttered, writing done, or publication made, there stands the constitutional guaranty giving stanch [sic] assurance that each and every one of them shall be free. The legislature cannot pass a law which even impairs the freedom of speech; and, as there are no exceptions contained in the rest of the quoted section, the language there used stands as an affirmative prescription against any exception being thereto made, as effectually as if words of negation or prohibition had expressly and in terms been employed.

*Marx & Haas Jeans Clothing Co. v. Watson*, 67 S.W. at 393–94,

> If a publication is neither blasphemous, obscene, seditious, or defamatory, then, under the Constitution of this state, no court has the right to restrain it, nor the legislature the power to punish it ... Anything which makes the exercise of a right more expensive or less convenient, more difficult or less effective, impairs that right ... " 'Impair' means to make worse; to lessen the power; to weaken; to enfeeble; to deteriorate."

*Ex parte Harrison*, 110 S.W. at 710–11 (quoting *Gladney v. Sydnor*, 172 Mo. 318, 72 S.W. 554 (1903)). These cases may be distinguished from that at bar on grounds that the restrictions imposed in those cases involved content-based limitations on speech. Further, later cases have acknowledged that even under our Missouri constitutional provision:

> The right of free speech is not an *absolute* right at all *times* and under all *circumstances*. The right of freedom of speech is subject to the state's right to exercise its inherent police power. (Emphasis added.)

(1) and (2) of section 226.500.

*State v. Roberts*, 779 S.W.2d 576, 579 (quoting *State v. Smith*, 422 S.W.2d 50, 55 (Mo. banc 1967)).[2]

Accordingly, we conclude the Billboard Law (§ 226.520) is a valid exercise of the state's police power and hence a permissible infringement on BBC's right to freedom of expression. The Missouri statute was enacted pursuant to 23 U.S.C. § 131, which requires the states to provide effective control of outdoor advertising and authorizes the Secretary of Transportation to withdraw a portion of federal highway funding as a penalty for noncompliance.[3] The stated purpose of the Billboard Law is as follows:

> The general assembly finds and declares that outdoor advertising is a legitimate commercial use of private property adjacent to the interstate and primary highway systems and that it is *necessary to regulate and control same* to promote *highway safety*, to promote *convenience and enjoyment of highway travel, and to preserve the natural scenic beauty of highways and adjacent areas.* § 226.-500, RSMo 1986 (emphasis supplied).

In *Osage Outdoor Advertising v. Missouri Highway and Transportation Commission*, 680 S.W.2d 164, 170 (Mo.App.1984), the court summarized the scenic purposes of the statute:

> The underlying rationale for allowing billboards in unzoned locations with commercial or industrial activity is that the natural scenic beauty of such an area is

already disrupted by the activity, and, therefore, no preservation purposes would be advanced by banning billboards in those locations. But, where an activity is more than 660 feet from the right-of-way, the natural state of an area adjacent to the interstate highway has not been disrupted. Similarly, if the activity is within the 660 foot distance but it is not a visible and recognizable commercial or industrial activity, the natural state of the area is also not disrupted.

As stated in *Roberts*, 779 S.W.2d at 579, the right to "free speech" under Mo. Const. art. I, § 8, is not absolute at all times and under all *circumstances*, but is subject to the state's inherent right to exercise its police power. In *City of Independence v. Richards*, 666 S.W.2d 1, 6 (Mo. App.1983), the court, though not ruling on the issue, noted "that the Missouri decisions tend to the principle that aesthetic consideration alone suffices for the exercise of the police power," [4] and in *University City v. Diveley Auto Body Co.*, 417 S.W.2d 107, 110 (Mo. banc 1967), we upheld the billboard provisions of the city zoning ordinance against state and federal constitutional challenges based on the rights to due process, equal protection, and freedom of speech, holding "that the billboard ordinances were a valid and reasonable exercise of the police power." *See also Deimeke v. State Highway Commission*, 444 S.W.2d 480 (Mo.1969) (junkyard licensing statute upheld as valid exercise of police

**2.** This statement smacks of the United States Supreme Court's clear holding that even under the First Amendment's proviso that "Congress ... shall make no law ... abridging the freedom of speech," limitations may be placed on the time, place and manner of expression. A restriction based on time, place and manner must meet a three-part test: it must be content-neutral, serve a significant governmental interest, and leave alternative channels open for communication of the information. *Virginia Pharmacy Board v. Virginia Consumer Council*, 425 U.S. 748, 96 S.Ct. 1817, 1830, 48 L.Ed.2d 346 (1976). In *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981), the Court, without a majority opinion, held the San Diego billboard ordinance unconstitutional. Justice White, joined by Justices Stewart, Marshall, and Powell, concluded the ordinance was unconstitutional on its face in

that it placed a general ban on noncommercial advertising. Justice Brennan, joined by Justice Blackmun, concluded that the city made no showing that the ordinance, which made no meaningful distinction between commercial and noncommercial advertising, advanced a substantial governmental interest, and that a more narrowly drawn restriction would have sufficed. However, as no federal question is raised here, we need not perform this analysis.

**3.** For a detailed history of the state and federal statutes, *see Eller Outdoor Advertising of Kansas City v. Missouri State Highway Commission*, 629 S.W.2d 462 (Mo.App.1981).

**4.** *See also* Bufford, *Beyond the Eye of the Beholder: A New Majority of Jurisdictions Authorize Aesthetic Regulation*, 48 U.M.K.C.L.Rev. 125 (1979–80).

power); *St. Louis Gunning Advertisement Co. v. City of St. Louis,* 235 Mo. 99, 137 S.W. 929 (1911); *Kansas City Gunning Advertising Co. v. Kansas City,* 240 Mo. 659, 144 S.W. 1099 (1912); *St. Louis Poster Advertising Co. v. City of St. Louis,* 195 S.W. 717 (Mo. banc 1917) (local billboard ordinances upheld as valid exercise of police power to protect public safety, health and morals).

Furthermore, BBC would have us ignore the host of decisions from other jurisdictions upholding statutes similar to § 226.500 against federal and state free speech challenges. *E.g., Department of Transportation v. Shiflett,* 251 Ga. 873, 310 S.E.2d 509 (1984); *State v. Lotze,* 92 Wash.2d 52, 593 P.2d 811 (1979);[5] *State Department of Highways v. National Advertising Co.,* 356 So.2d 557 (La.App.1978); *Stuckey's Stores, Inc. v. O'Cheskey,* 93 N.M. 312, 600 P.2d 258 (1979); *Outdoor Advertising Board v. Sun Oil Co. of Pennsylvania,* 8 Mass.App. 872, 391 N.E.2d 916 (1979); *Newman Signs, Inc. v. Hjelle,* 268 N.W.2d 741 (N.D.1978).[6] The *Newman* and *Stuckey's* cases are particularly noteworthy in that they lend credence to the highway safety rationale for the Billboard Act, as well as the aesthetic justifications for use of the police power, and the latter case is especially pertinent in that it construes a constitutional provision identical to Mo. Const. art. I, § 8.

We find § 226.520 is a legitimate exercise of the police powers of the State of Missouri and thus does not unconstitutionally impair BBC's right to freedom of expression. The judgment is affirmed.

ROBERTSON, C.J., COVINGTON, HOLSTEIN, BENTON and THOMAS, JJ., and BLACKMAR, Senior Judge, concur.

5. Appeal dismissed for want of substantial federal question, *Lotze v. State of Washington,* 444 U.S. 921, 100 S.Ct. 257, 62 L.Ed.2d 177. *But see Metromedia,* 101 S.Ct. at 2888–89 (White, J.).

6. Appeal dismissed for want of substantial federal question, 440 U.S. 901, 99 S.Ct. 1205, 59 L.Ed.2d 449. *But see Metromedia,* 101 S.Ct. at 2888–89 (White, J.).