**MISSOURI LIBERTARIAN PARTY, et al., Appellants,**

v.

**Philip G. CONGER, et al., Respondents.**

No. SC 84869.

Supreme Court of Missouri, En Banc.

Nov. 1, 2002.

---

7. Rule 84.14.

W. Bevis Schock, St. Louis, for Appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Paul R. Magufee, Asst. Attorney General, for Respondents.

**PER CURIAM.**

Section 130.032.4, RSMo 2000, limits the amounts that political party committees may contribute to candidates. Charles Taylor is a Libertarian Party candidate for state representative. The party has given him the maximum amount permitted by the statute, but seeks to contribute more. The party and Taylor sued to invalidate the limits on the basis that article I, section 8 of the state constitution prohibits such limits.[1] The trial court denied relief. That judgment is affirmed. *Mo. Const. art. V, sec. 3.*

 An act of the legislature carries a strong presumption of constitutionality. *Home Builders Ass'n of Greater St. Louis v. State,* 75 S.W.3d 267, 269 (Mo. banc 2002). This Court will not invalidate a statute unless it clearly and undoubtedly contravenes the constitution and plainly and palpably affronts fundamental law embodied in the constitution. *Smith v. Coffey,* 37 S.W.3d 797, 800 (Mo. banc 2001).

Appellants contend that the right to free speech granted by article I, section 8 is broader than that granted under the First Amendment to the United States Constitution and that it gives them an absolute right to communicate their support for a particular candidate by contributing any amount they wish to that candidate, without restriction. This Court disagrees.

 Assuming without deciding that appellants are correct that, under article I, section 8 of Missouri's constitution, a contribution to a political candidate does constitute a form of speech subject to its protection, section 8 has never been held to give an absolute right to communicate

---

1. Mo. Const. art. I, sec. 8 reads, in pertinent part, as follows:

 That no law shall be passed impairing the freedom of speech, no matter by what means communicated: that every person shall be free to say, write or publish, or otherwise communicate whatever he will on any subject, being responsible for all abuses of that liberty. . . .

ideas at all times and under all circumstances. As appellants note, the limits contained in section 130.032.4 do not violate the rights protected by the First Amendment. *Missouri Republican Party v. Lamb,* 270 F.3d 567, 570 (8th Cir.2001), *cert. denied sub nom. Missouri Republican Party v. Connor,* —— U.S. ——, 122 S.Ct. 2329, 153 L.Ed.2d 160 (2002). Rather, the Supreme Court has stated, for First Amendment purposes, the prevention of corruption and the appearance of corruption justify restrictions on contributions, even where political speech is at issue. *Nixon v. Shrink Missouri Government PAC,* 528 U.S. 377, 388, 120 S.Ct. 897, 145 L.Ed.2d 886 (2000); *Buckley v. Valeo,* 424 U.S. 1, 25–26, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).

■ Missouri courts have also held that the right to free speech is subject to the state's inherent right to reasonably exercise its police power. *BBC Fireworks, Inc. v. State Highway and Transp. Com'n,* 828 S.W.2d 879, 882 (Mo. banc 1992). While article I, section 8 phrases the right to free speech differently than does the First Amendment, nothing in that phrasing suggests an intent to exempt campaign contributions from police power limitations. To the contrary, this Court recognized in *In re Hill,* 8 S.W.3d 578, 580–81, 583 (Mo. banc 2000), that the right to free speech must be balanced against the public's interest in preserving the integrity of and public confidence in the judiciary. Similarly, here, the right to free speech, even in a political context, is necessarily subject to the state's inherent right to exercise its police powers to protect the public from corruption and the appearance of corruption. The restriction in section 130.032.4 at issue here serves that purpose and, so, is a proper exercise of the state's police

power and does not violate article I, section 8 of Missouri's constitution.

The judgment is affirmed.

All concur.