STATE of Missouri, Appellant,

v.

Brian CARPENTER, Respondent.

No. 68423.

Supreme Court of Missouri,
En Banc.

Sept. 15, 1987.

Rehearing Denied Oct. 13, 1987.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for appellant.

Steven M. Davis, Asst. Public Defender, Hillsboro, for respondent.

DONNELLY, Judge.

This is an appeal by the State of Missouri from an order of the Jefferson County Circuit Court invalidating section 574.010.-

1(1)(c), RSMo 1986, as being unconstitutionally overbroad in regulating speech. This Court has exclusive jurisdiction of the cause pursuant to Mo. Const. art. V, § 3, because it involves the validity of a statute of this state.

On January 29, 1986, respondent was charged with three counts of peace disturbance in violation of section 574.010. Those counts, in pertinent part, read:

### Count I

[T]he defendant unreasonably and knowingly disturbed or caused alarm to Dawn Mead by threatening to commit the crime of murder against Dawn Mead.

### Count II

[T]he defendant unreasonably and knowingly disturbed or caused alarm to Dawn Mead by threatening to commit the crime of arson against M. Shannon Craig and Dawn Mead.

### Count III

[T]he defendant unreasonably and knowingly disturbed or caused alarm to M. Shannon Craig by threatening to commit the crime of assault against Dawn Mead.

Respondent filed his motion to dismiss on June 18, 1986, alleging, as he does now, that section 574.010.1(1)(c) is overbroad on its face. The motion was sustained by the circuit court and this appeal arises from the dismissal. We affirm.

Section 574.010.1(1)(c), under which the respondent was charged, provides,

1. A person commits the crime of peace disturbance if:

(1) He unreasonably and knowingly disturbs or alarms another person or persons by:

\* \* \* \* \* \*

(c) Threatening to commit a crime against any persons; ...

■ The threshold question is whether respondent has standing to challenge the constitutionality of the statute. As a general rule, a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court. *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960). However, the traditional rule of standing is not without its exceptions. When a party is asserting his First Amendment rights, the party may attack an overly broad statute even though his conduct could have been regulated by a statute drawn with the requisite narrow specificity. *Dombrowski v. Pfister*, 380 U.S. 479, 486, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965).

The standard for First Amendment overbreadth analysis is well established. "Only a statute that is substantially overbroad may be invalidated on its face." *City of Houston v. Hill*, — U.S. —, —, 107 S.Ct. 2502, 2508, 96 L.Ed.2d 398 (U.S.1987), (citing *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), and *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)). Moreover, "criminal statutes must be scrutinized with particular care, ...; those that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." *Hill, supra*, — U.S. at —, 107 S.Ct. at 2508.

In its present form, the statute prohibits a person from "unreasonably and knowingly" disturbing or alarming other persons by "threatening to commit a crime." Obviously, the offense prohibited under the peace disturbance statute regulates only spoken words, the communication of a threat. It involves merely speech because the conduct threatened, "a crime," must necessarily be proscribed by another section of the Missouri statutes.

■ The statute contemplates punishing a person for any and all utterances that if carried out would constitute criminal offenses under Missouri law. No distinction is made as to the degree of criminal activity that the provision encompasses. A person could be convicted regardless of how minor or insubstantial the purportedly threatened crime may be. Such prohibited offenses could include threatening to pub-

licly display explicit sexual materials, section 573.060, RSMo 1986, or even threatening to steal a book from a library, section 570.210, RSMo 1986. The state's interest in prohibiting persons from threatening to commit offenses such as these does not outweigh the public interest in exercising free speech.

Moreover, there is no guarantee under the statute that a substantial likelihood exists that such threatened criminal conduct will ever occur. There may be many situations where the threatened activity will neither be imminent nor likely. Consequently, the statute acts to smother speech otherwise protected by the First Amendment in that "persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression." *Gooding v. Wilson,* 405 U.S. 518, 521, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972).[1]

As stated in *State v. Swoboda,* 658 S.W.2d 24, 25 (Mo. banc 1983) (citing *City of St. Louis v. Tinker,* 542 S.W.2d 512 (Mo. banc 1976) and *City of Kansas City v. Thorpe,* 499 S.W.2d 454 (Mo.1973)), "Missouri courts have held that statutes abridging speech are constitutional to the extent that they prohibit only that speech which is likely to incite others to immediate violence." Thus, the statute must also be construed to only prevent "fighting words." The Supreme Court has held that such offensive language can be statutorily prohibited only if it is personally abusive, addressed in a face-to-face manner to a specific individual and uttered under circumstances such that the words have a direct tendency to cause an immediate violent response by a reasonable recipient. *See,* Gard, Fighting Words as Free Speech, 58 Wash.U.L.Q. 531, 558–60, 580 (1980) (citing *Chaplinsky v. New Hampshire,* 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942)).

In *Swoboda,* a portion of the Missouri peace disturbance statute prohibiting "loud and abusive" language, section 574.010.-1(1)(b), RSMo 1978, was held to be overly broad because it sought "to punish more than face-to-face words." *State v. Swoboda, supra,* 658 S.W.2d at 26–27. Much of that reasoning is no less applicable in the present case. The statute attempts to go much further than mere "fighting words."

We, therefore, conclude that section 574.-010.1(1)(c), RSMo 1986, is overbroad and that the circuit court did not err in holding it facially invalid.

The judgment of the trial court is affirmed.

BILLINGS, C.J., and WELLIVER and HIGGINS, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

ROBERTSON and RENDLEN, JJ., dissent and concur in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

This Court is not required to give a statute its broadest and most literal interpretation when applying First Amendment overbreadth analysis. If the statute may fairly be construed in a manner which limits its application to a "core" of constitutionally unprotected expression, it may be upheld against the charge that it is overly broad. *Cf. City of Houston v. Hill,* —— U.S. ——, ——, 107 S.Ct. 2502, 2513, 96 L.Ed.2d 398. The majority opinion ignores the express and implied limitations on the application of Section 574.010.1(1)(c), concluding that: "[t]he statute contemplates punishing a person for any and all utterances that if carried out would constitute criminal offenses under Missouri law."

The majority's reading of the statute fails to recognize that there can be no violation of the law unless the offender *"unreasonably* and *knowingly* disturbs or

---

1. Although, a limiting construction would avoid imposition of the facial overbreadth conclusion, *Broadrick v. Oklahoma, supra,* 413 U.S. at 613, 93 S.Ct. at 2916, there is no indication that such a construction would be consistent with the intent of the legislature. In fact, the plain language of the statute would indicate to the contrary. We thus refrain from any attempt to redraft the statute.

alarms another person" by his threats. (Emphasis supplied). The statute also specifies that the threatened violation must constitute a crime against a *person*. Additionally, we could reasonably interpret the term "threaten" to require that the utterance be "so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and immediate prospect of execution." *United States v. Kelner*, 534 F.2d 1020, 1027 (2d Cir.), *cert. denied*, 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976) (holding that a federal statute proscribing the transmission of threats in interstate commerce is not violative of the First Amendment). *See also Watts v. United States*, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969).

A fair reading of Section 574.010.1(1)(c) would not, as the majority suggests, permit prosecution of an individual who threatens to steal a book from a library. First, such a statement could not conceivably be construed as an unreasonably disturbing or alarming pronouncement. Moreover, the theft of public property is not a crime which falls within any reasonable classification of crimes against persons.

At the crux of the majority opinion is an unduly limited view of what may constitute unprotected speech. No First Amendment protection is afforded words which "by their very utterance inflict injury." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942). The statute is directed to this type of unprotected speech and, in my view, the limiting language discussed above should allow it to successfully withstand the charge that it is overly broad.

*State v. Swoboda*, 658 S.W.2d 24 (Mo. banc 1983) is clearly distinguishable. It construed a portion of an earlier version of the statute now before us and held that the phrase "loud and abusive language" was subject to a construction which would invade the area of protected speech. The portion of the statute involved in this case may be limited by reasonable construction so as to punish socially undesirable conduct without infringing upon any constitutional protection.

The Information is in the language of the statute. Count I charges a threat of murder; Count II of arson; and Count III of assault. Murder and assault are offenses under Chapter 565, RSMo, titled "Offenses Against the Person". Arson is not included in this chapter but the crime of arson is one which is potentially life threatening and would surely cause alarm to persons. The statute may be reasonably read as applying only to crimes such as these. The Information is sufficient on its face and the motion to dismiss should have been overruled.