**STATE of Missouri, Respondent,**

v.

**Carla L. ROBERTS, Appellant.**

**No. 71441.**

Supreme Court of Missouri,
En Banc.

Nov. 14, 1989.

Rehearing Denied Dec. 12, 1989.

Roy W. Brown, Bruce B. Brown, Kearney, for appellant.

Robert Frager, Asst. Pros. Atty., Albert A. Reiderer, Pros. Atty., Debra A. Ponten, Asst. Pros. Atty., Kansas City, for respondent.

ROBERTSON, Judge.

A jury convicted appellant of prostitution, a violation of Sections 567.010(2) and 567.020, RSMo 1986. This direct appeal charges that the statutes under which the jury convicted appellant violate the federal and state constitutional guarantees of free speech. U.S. Const. amend. I; Mo. Const. art. I, § 8. We have exclusive appellate jurisdiction. Mo. Const. art. V, § 3. Affirmed.

I.

Officer Timothy Gee, a detective with the Kansas City, Missouri, Police Department, worked the "prostitution detail" on the day of Roberts' arrest. According to Gee's uncontroverted testimony at trial, he drove by Roberts as she stood beside the street. Gee made eye contact, drove around the block, passed Roberts again, and parked down the street from her. Roberts walked up to Gee's car, got in, and asked Gee if he was "a cop." When Gee said "no," Roberts asked Gee what he was doing; Gee replied that he was looking for a good time. Roberts asked the officer what he wanted. Gee requested an act of oral intercourse. When Roberts agreed, Gee asked if $25 would be enough. Roberts replied, "Right on the nose" and gave the "okay" sign with her right thumb and forefinger. Gee drove with Roberts to a predetermined area where backup officers, who were waiting there, arrested her. There was neither physical contact between Gee and Roberts nor any exchange of money.

The State charged Roberts with a violation of Section 567.020, RSMo 1986. The information stated that "the defendant performed an act of prostitution in that defendant agreed to engage in deviate sexual intercourse with Timothy Gee, in return for money." Roberts moved to dismiss the charges, arguing that the statutes criminalizing prostitution punished mere words and were, therefore, unconstitutional. The trial court overruled these motions.

At trial, the State elicited testimony from Gee in preparation for the admission of a photograph of Roberts. The photograph had apparently been taken in the course of a previous arrest of the defendant. When asked, Gee identified defendant as the person in the photograph. Gee also indicated that Roberts did not look the same in the

picture as she looked on the day of this arrest. The officer noted that Roberts had been wearing different clothes, "because this is an earlier picture but—." At this point, Roberts' counsel objected. The trial court sustained the objection and instructed the jury to disregard the questions relating to the photograph. Roberts moved for a mistrial; the trial court denied the motion.

The jury convicted appellant. This appeal followed.

## II.

Appellant urges two grounds for reversal. Initially, appellant charges that the trial court erred in overruling her motion to dismiss claiming that Sections 567.010(2) and 567.020 are unconstitutional on two grounds: First, she argues that because the definition of prostitution found in Section 567.010(2) imposes criminal sanctions on mere spoken words, the statute cannot pass constitutional muster. Second, she claims that the statutory definition of prostitution is unreasonable, arbitrary, and facially overbroad.

Section 567.010(2) provides:

"Prostitution", a person commits prostitution if he engages or offers or agrees to engage in sexual conduct with another person in return for something of value to be received by the person or by a third person.

Section 567.020 states: "A person commits prostitution if he performs an act of prostitution."

## A.

The freedom of speech guaranteed in the United States and Missouri Constitutions limits the ability of our legislature to criminalize spoken words. U.S. Const. amend. 1 & amend. 14; Mo. Const. art. I, § 8;[1] *State v. Carpenter,* 736 S.W.2d 406 (Mo. banc 1987). Special protection is given speech to assure the free exchange of political and social ideas.

All ideas having even the slightest redeeming social importance—unorthodox ideas, controversial ideas, even ideas hateful to the prevailing climate of opinion—have the full protection of the guaranties, unless excludable because they encroach upon the limited area of more important interests.

*State v. Vollmar,* 389 S.W.2d 20, 27 (Mo. 1965), quoting *Roth v. United States,* 354 U.S. 476, 484, 77 S.Ct. 1304, 1308, 1 L.Ed.2d 1498 (1957).

This is not a case involving social or political ideas, however. To argue, as does Roberts, that the constitutional protections afforded the free and unfettered exchange of ideas applies to the words that attend the negotiations between the peddler of sex and its purchaser misunderstands the nature of those protections and demeans their democratic purpose.

■ Prostitution has a commercial motivation. Commercial speech is entitled to constitutional protection, *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 762, 96 S.Ct. 1817, 1825, 48 L.Ed.2d 346 (1976). The words spoken by a prostitute, however, are not commercial speech.[2] Unless commercially motivated speech concerns a lawful activity, "there can be no constitutional objection to the suppression of commercial messages...." *Central Hudson Gas & Electric Corp. v. Public*

---

1. The First Amendment states in pertinent part, "Congress shall make no law ... abridging the freedom of speech...." U.S. Const. amend. I. Mo. Const. Art. I, § 8 provides:

   That no law shall be passed impairing the freedom of speech, no matter by what means communicated; that every person shall be free to say, write or publish, or otherwise communicate whatever he will on any subject, being responsible for all abuses of that liberty....

2. The cases of the United States Supreme Court seem to say that commercial speech is present only where society has an interest in the free flow of commercial information. "The First Amendment's concern for commercial speech is based on the informational function of advertising." *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York,* 447 U.S. 557, 563, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341 (1980). The private bargain struck between the buyer and seller of sex carries no such informational function in the sense conveyed by the commercial speech cases.

*Service Commission of New York,* 447 U.S. 557, 563, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341 (1980). Said another way, commercially motivated speech that involves an unlawful activity is not speech for purposes of First Amendment protection.

■ Prostitution is an illegal, criminal act in this State. The criminalization of prostitution, or commercial sexual acts, is a valid exercise of the State's police power. Section 567.010(2) makes illegal not only the physical sexual act(s) but also the negotiations that assure the seller of the economic return expected for the performance of the physical act(s). Because the words uttered as an integral part of the prostitution transaction do not have a lawful objective, they are not entitled to constitutional protection. Our analysis of the First Amendment claim need proceed no further.

### B.

■ Roberts also challenges the prostitution statutes under the Missouri Constitution, claiming—but citing no cases in support of her position—that Missouri's free speech clause is more broad than its federal counterpart. We need not decide in this case whether the circumference of Mo. Const. art. I, § 8 is identical to that of the First Amendment in all instances. In construing the free speech clause of the Missouri Constitution, this Court has held that "[t]he right of free speech is not an absolute right at all times and under all circumstances. The right of freedom of speech is subject to the state's right to exercise its inherent police power." *State v. Smith,* 422 S.W.2d 50, 55 (Mo. banc 1967), citing *State v. Becker,* 364 Mo. 1079, 272 S.W.2d 283, 288–89 (1954). Where, as here, the state has exercised its inherent police power and criminalized prostitution, the constitutional guarantee of freedom of speech is not violated when the speech claiming protection has as its objective an unlawful, economically motivated act.

### C.

■ Ms. Roberts relies on *State v. Carpenter,* 736 S.W.2d 406 (Mo. banc 1987), in support of her overbreadth argument. In *Carpenter,* this Court held a statute overbroad that prohibited persons from disturbing the peace by verbally threatening to commit a crime against a person. Central to the decision in *Carpenter* were the broad sweep of the statute and the lack of likelihood of the speech to incite others to immediate violence. *Id.* at 408.

The instant case is clearly distinguishable. The overbreadth doctrine restricts statutes that prohibit not only unprotected behavior, but also constitutionally· protected behavior. *Id.* The *Carpenter* statute criminalized both types of behavior. Since we hold here that speech incident to prostitution is not protected by our federal or state constitutions, we do not read the prostitution statute as reaching anything but the commercial sexual activity criminalized by the statute.

Roberts' free speech claims are without foundation. They are denied.

### III.

■ Roberts also contends that the trial court should have granted a mistrial following testimony concerning an earlier police photo of Roberts and erred in failing to do so. Roberts claims that the testimony exposed the jury to the fact of defendant's earlier arrest.

The only testimony before the jury regarding the photograph was Officer Gee's statements that Roberts' photograph was "earlier," and that she was not wearing the same clothes in the photograph as on the day of arrest. The prompt objection of the defense attorney not only interrupted the testimony leading to the state's attempt to introduce the photograph, but also resulted in the trial court instructing the jury to disregard the testimony. The trial court overruled Roberts' motion for a mistrial.

In determining whether to grant a mistrial, the trial court has broad discretion and will be reversed only for an abuse of that discretion. *State v. Goree,* 762 S.W.2d 20, 24–25 (Mo. banc 1988). In this case, the photograph was never admitted into evidence; the trial court not only sustained an

objection to the evidence, but also gave a correctional instruction. We hold that the trial court did not abuse its discretion in refusing to grant a mistrial.

### IV.

The judgment of the trial court is affirmed.

BLACKMAR, C.J., RENDLEN, HIGGINS, COVINGTON and BILLINGS, JJ., and REINHARD, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.