**CITY OF MARYVILLE,
Missouri, Respondent,**

v.

**Edward G. COSTIN, Appellant.**

**No. WD 43364.**

Missouri Court of Appeals,
Western District.

March 12, 1991.

T. Jefferson Stephens, Grant City, for appellant.

James Patrick McLaughlin, Asst. Pros. Atty., Maryville, for respondent.

Before BERREY, P.J., and KENNEDY and GAITAN, JJ.

BERREY, Presiding Judge.

Edward G. Costin appeals from his conviction of uttering profanity in violation of Maryville Municipal Ordinance 8–105. Reversed.

On May 24, 1989, appellant entered a Taco John's in Maryville, Missouri. He ordered tacos with hot sauce, returning to the counter several times for water. Kary McNulty, the assistant manager testified that appellant cussed at her, calling her a "bitch" and telling her to "give me some fucking water." McNulty got appellant's license number and called the police.

At trial, appellant presented no evidence. He moved for acquittal on constitutional grounds, alleging that the ordinance was vague and overbroad. He was found guilty and sentenced to pay a $100 fine.

In his sole point on appeal, appellant claims that the ordinance was vague and overbroad, violative of his rights under the First and Fourteenth Amendments of the United States Constitution and of sections 8 and 10 of Article I of the Missouri Constitution. We agree and reverse appellant's conviction.

The ordinance in question reads:

Sec. 8–105 Profane Language in Public ... No person shall speak, utter, shout or yell or use in the presence of others profane, vulgar or indecent language in a public place or from private property which is calculated to be heard by others including those on or off the premises of the private property.

Missouri law on the issue of what is constitutionally permissible in the area of prohibiting speech was recently examined by the Missouri Supreme Court in *State v. Carpenter*, 736 S.W.2d 406 (Mo. banc 1987). The court clearly set out the guidelines for examining the constitutionality of an ordinance. The court stated:

As stated in *State v. Swoboda*, 658 S.W.2d 24, 25 (Mo. banc 1983) (citing *City of St. Louis v. Tinker*, 542 S.W.2d 512 (Mo. banc 1976) and *City of Kansas City v. Thorpe*, 499 S.W.2d 454 (Mo. 1973)), "Missouri courts have held that statutes abridging speech are constitu-

tional to the extent that they prohibit only that speech which is likely to incite others to immediate violence." Thus, the statute must also be construed to only prevent "fighting words." The Supreme Court has held that such offensive language can be statutorily prohibited only if it is personally abusive, addressed in a face-to-face manner to a specific individual and uttered under circumstances such that the words have a direct tendency to cause an immediate violent response by a reasonable recipient. *See* Gard, Fighting Words as Free Speech, 58 Wash.U.L.Q. 531, 558–60, 580 (1980) (citing *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942)). *Id.* at 408.

The statute in question is impermissibly vague and overbroad under Missouri law. It seeks to punish more than face-to-face words where it prohibits language "calculated to be heard by others including those on or off the premises." The statute also attempts to go beyond "fighting words." "Profane, vulgar or indecent" language may or may not constitute fighting words. Because we conclude that this type of language does not, in every instance, constitute "fighting words" we hold the ordinance is vague and overbroad and unable to pass constitutional muster.

Accordingly, the judgment is reversed.

All concur.

GAITAN, J., concurs in separate concurring opinion.

GAITAN, Judge, concurring.

Regretably I must concur in this opinion because this Court is duty bound as an intermediate appellate court to follow the mandate of its Supreme Court. However, I feel compelled to state that I believe the dissenting opinion in *State v. Carpenter*, 736 S.W.2d 406, 408–409 (Mo. banc 1987) should control.