

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SC94936 |
| | ) | |
| RAYMOND ROBINSON, | ) | |
| | ) | |
| Respondent. | ) | |
| | | **and** |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SC94989 |
| | ) | |
| STEVE LOMAX, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEALS FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
**Honorable Robert H. Dierker and Steven R. Ohmer, Judges**

*Opinion issued February 9, 2016*

The trial courts in both *State v. Robinson* and *State v. Lomax* held that article I, section 23 of the Missouri Constitution, as amended by Amendment 5 adopted in 2014, does not permit the State to prohibit non-violent felons from bearing arms. On this basis these courts dismissed the criminal counts charging Mr. Robinson and Mr. Lomax with

violating section 571.070.1,[1] which prohibits them from carrying weapons due to their have prior convictions for nonviolent felonies.  The State appeals.

This Court reverses. This Court recently held in *State v. Merritt, 467 S.W.3d 808 (Mo. banc 2015),* and *State v. McCoy, 468 S.W.3d 892 (Mo. banc 2015)*, that article I, section 23 as in effect prior to the 2014 adoption of Amendment 5 did not prohibit the State from regulating the possession of arms by nonviolent felons and that the pre-Amendment 5 version of article I, section 23 applies to crimes committed prior to adoption of that amendment.  That ruling directly applies here and requires the judgments to be reversed and the cases to be remanded.

## I.    FACTUAL BACKGROUND

Raymond Robinson was arrested on July 28, 2014, after police received a tip that he possessed a pistol.  Mr. Robinson claimed he owned the gun for personal protection because he sometimes carried cash.  Because Mr. Robinson had a prior conviction for the nonviolent felony of unlawful use of a weapon, the State charged him with unlawfully possessing a firearm in violation of section 571.070.1, which states:

> A person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and … [s]uch person has been convicted of a felony under the laws of this state, or of a crime under the laws of any state or of the United States which, if committed within this state, would be a felony[.]

*§ 571.070.1(1).*    While charges against Mr. Robinson were pending, voters approved Amendment 5 to article I, section 23.  Mr. Robinson moved to dismiss the count of unlawful possession of a firearm, alleging that the amended article I, section 23 does not permit the State to criminalize a nonviolent felon's possession of a firearm.   The State

---

[1] Statutory citations are to RSMo Supp. 2013 except where otherwise indicated.

argued that the amended article I, section 23 did not apply to Mr. Robinson, that neither version bars the regulation of the carrying of arms by nonviolent felons, and that section 571.070.1 is narrowly tailored to futher the compelling governmental interest in public safety.[2]

The *Robinson* trial court was required to rule without the benefit of this Court's later opinions in *Merritt, 467 S.W.3d 808*, and *McCoy, 468 S.W.3d 892*. It applied the amended version of article I, section 23 even though Mr. Robinson's crime occurred prior to the adoption of that amendment and held that section 571.070.1 was unconstitutional as applied to Mr. Robinson because his prior felony was a nonviolent one.

---

[2] Prior to that amendment, article I, section 23 of the Missouri Constitution stated:

> That the right of every citizen to keep and bear arms, in defense of his home, person, and property, or when lawfully summoned in aid of the civil power, shall not be questioned; but this shall not justify the wearing of concealed weapons.

*Id.* Following the adoption of Amendment 5 on August 5, 2014, effective September 4, 2014, article I, section 23 of the Missouri Constitution states:

> That the right of every citizen to keep and bear arms **ammunition, and accessories typical to the normal function of such arms,** in defense of his home, person, **family** and property, or when lawfully summoned in aid of the civil power, shall not be questioned; but this shall not justify the wearing of concealed weapons. **The rights guaranteed by this section shall be unalienable. Any restriction on these rights shall be subject to strict scrutiny and the state of Missouri shall be obligated to uphold these rights and shall under no circumstances decline to protect against their infringement. Nothing in this section shall be construed to prevent the general assembly from enacting general laws which limit the rights of convicted violent felons or those adjudicated by a court to be a danger to self or others as result of a mental disorder or mental infirmity.**

*Art. I, § 23* (new language in bold, deleted language struck through).

On June 12, 2014, Mr. Lomax similarly was arrested and later charged with unlawful possession of a firearm in violation of section 571.070.1 as well as certain other drug-related crimes. As with Mr. Robinson, that arrest occurred prior to the effective date of Amendment 5, but Mr. Lomax nonetheless claimed that the propriety of the charge of unlawful possession of a firearm under section 571.070.1 was governed by the amended version of article I, section 23. He alleged, like Mr. Robinson, that the amended article I, section 23 bars the State from prohibiting nonviolent felons from possessing firearms. The trial court in this case also was required to rule without the benefit of this Court's later opinions in *Merritt, 467 S.W.3d 808*, and *McCoy, 468 S.W.3d 892*, and dismissed the unlawful possession charge.

The State appeals both judgments. Because these cases involve the validity of a state statute, this Court has exclusive appellate jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

## II.     STANDARD OF REVIEW

Rule 24.04(b)(1) permits a criminal defendant to raise "[a]ny defense or objection which is capable of determination without trial of the general issue … before trial by motion." "Whether a statute is constitutional is reviewed *de novo. City of Arnold v. Tourkakis, 249 S.W.3d 202, 204 (Mo. banc 2008).* Statutes are presumed constitutional and will be found unconstitutional only if they clearly contravene a constitutional provision. *State v. Pribble, 285 S.W.3d 310, 313 (Mo. banc 2009).*" *State v. Vaughn, 366 S.W.3d 513, 517 (Mo. banc 2012).*

## III.     NONVIOLENT FELONS CAN BE PROSECUTED FOR POSSESSION OF FIREARMS WITHOUT VIOLATING ARTICLE I, SECTION 23

As this Court recently noted in *Merritt, 467 S.W.3d at 812,* and *McCoy, 468*

4

*S.W.3d at 895*, the right of the State to regulate a nonviolent felon's possession of a firearm is governed by the version of article I, section 23 in effect at the time of the crime.[3] Mr. Robinson's and Mr. Lomax's alleged crimes occurred prior to the passage of Amendment 5 to article I, section 23. Therefore, this Court does not address the merits of their arguments that Amendment 5 barred the State from prohibiting them from bearing arms, for their cases are governed by the law as in effect prior to the adoption of Amendment 5.[4]

For the reasons set out in *Merritt, 467 S.W.3d 808,* and *McCoy, 468 S.W.3d 892*, this Court reaffirms that article I, section 23 as in effect at the time of Mr. Robinson's and Mr. Lomax's alleged crimes did not prohibit the State from regulating the right of nonviolent felons to bear arms. Accordingly, this Court reverses the judgments dismissing the counts alleging violations of section 571.070.1.

## IV. CONCLUSION

This Court reverses the judgments in both *State v. Robinson* and *State v. Lomax* and remands the cases.

---

[3] "The settled rule of construction in this state, applicable alike to the Constitutional and statutory provisions, is that, unless a different intent is evident beyond reasonable question, they are to be construed as having a prospective operation only." *Merrit, 467 S.W.3d at 812* (internal citations omitted). As Amendment 5 does not spell out a clear and explicit intent to apply retroactively, the amendment applies prospectively only. *Merritt, 467 S.W.3d at 812; McCoy, 468 S.W.3d at 895.*

[4] The Court notes that in *State v. Clay, slip op. at 5, 7-8,* handed down concurrently with this decision, this Court reaffirms its holding in *Dotson, 464 S.W.3d at 196-200,* that strict scrutiny always has been applied to laws regulating the right to bear arms in Missouri and that Amendment 5 did not work a substantial change in article I, section 23, nor does it prohibit the State from regulating the right of nonviolent felons to bear arms pursuant to its compelling governmental interest in "ensuring public safety and reducing firearm-related crime." *Clay, slip op. at 7. Accord, Merritt, 467 S.W.3d at 814*, *citing*, *United States v. Barton, 633 F.3d 168, 175 (3d. Cir. 2011).*

_____

**LAURA DENVIR STITH, JUDGE**

Breckenridge, C.J., Fischer, Wilson and Russell, JJ., concur; Teitelman, J., dissents in separate opinion filed; Draper, J., concurs in opinion of Teitelman, J.



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,     )
    )
    Appellant,     )
    )
vs.     )     **No. SC94936**
    )
RAYMOND ROBINSON,     )
    )
    Respondent.     )
    **and**
STATE OF MISSOURI,     )
    )
    Appellant,     )
    )
vs.     )     **No. SC94989**
    )
STEVE LOMAX,     )
    )
    Respondent.     )

## DISSENTING OPINION

I agree with the principal opinion's conclusion that the former version of article I, section 23 applies and that strict scrutiny is the applicable standard. For the reasons expressed in my dissenting opinion in *State v. Clay*, I respectfully dissent to the extent the principal opinion holds that restricting the constitutional right of non-violent felons like Mr. Robinson and Mr. Lomax is permissible under the strict scrutiny standard. I would affirm the judgements dismissing the charges against both men.

_____
Richard B. Teitelman, Judge